UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **ELECTRICAL WORKERS LOCAL 369 BENEFIT FUND**<br><br>and<br><br>**ELECTRICAL WORKERS LOCAL 369 RETIREMENT FUND**<br><br>and<br><br>**LOUISVILLE ELECTRICAL JOINT APPRENTICESHIP & TRAINING COMMITTEE**<br><br>and<br><br>**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, LOCAL UNION NO. 369**<br><br>Plaintiffs,<br><br>v.<br><br>**CHURCHMAN ELECTRIC & TECHNOLOGIES, LLC**<br><br>and<br><br>**MARK A. CHURCHMAN**<br><br>Defendants. | Case No.  3:19-CV-652-DJH |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows:

1.      Plaintiffs, Electrical Workers Local 369 Benefit Fund, Electrical Workers Local 369 Retirement Fund, and Louisville Electrical Joint Apprenticeship & Training Committee are

1

multiemployer benefit plans ("the Plans"), and Plaintiff, International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 369 is a labor organization in Louisville, Kentucky. Defendants, Churchman Electric & Technologies, LLC and Mark A. Churchman are employers that are obligated to make contributions to the Plans based upon contractually agreed rates so that Defendants' employees may participant and receive the employee benefits provided by the Plans. When employers like Defendants refuse to remit contributions to the Plans as contractually required, the benefits provided by the Plans are put at risk. The Trustees of the Plans have a fiduciary duty to attempt to collect all amounts due to the Plans, and therefore must act accordingly. Defendants have refused or otherwise failed to make contributions to the Plans as contractually required, and thus this suit is levied.

## JURISDICTION AND VENUE

2.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (2014).  Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failure to remit contributions to employee benefit funds.  Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.     Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the Plans are administered, the Defendants reside, and the breach giving rise to this cause of action occurred within the jurisdiction of the U.S. District Court for the Western District of Kentucky, Louisville Division.

## PARTIES

4.      Plaintiff, Electrical Workers Local 369 Benefit Fund ("Benefit Fund"), is a multiemployer employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3) and ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Benefit Fund is administered at 906 Minoma Avenue, Louisville, KY 40217.

5.      Plaintiff, Electrical Workers Local 369 Retirement Fund ("Retirement Fund") is a multiemployer employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Retirement Fund is administered at 906 Minoma Avenue, Louisville, KY 40217.

6.      Plaintiff, Louisville Electrical Joint Apprenticeship & Training Committee ("JATC") is a multiemployer benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. 1002(1). The JATC is administered at 4315 Preston Hwy, #100, Louisville, KY 40213.

7.      Plaintiff, International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 369 ("Union"), is a labor organization as defined in 29 U.S.C. §152(5) and an employee organization under ERISA § 3(4), 29 U.S.C. §1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in 29 U.S.C. § 152(7). The Union's principal place of business is located at 4315 Preston Hwy, Louisville, KY 40213.

8.      Defendant, Churchman Electric & Technologies, LLC ("Limited Liability Company"), is a limited liability company organized under the laws of the Commonwealth of Kentucky which was organized in July 2015 and administratively dissolved by the Kentucky Secretary of State on October 1, 2016. Upon information and belief, the Limited Liability

Company maintained its principal place of business in Jefferson County, Kentucky and has a mailing address of P.O. Box 21341, Louisville, KY 40221.

9. Mark A. Churchman is an individual who was the Owner and Member of Churchman Electric & Technologies, LLC. Following the dissolution of the Limited Liability Company, Churchman has continued the business as a sole proprietor, using the trade name Churchman Electric and Technologies. Upon information and belief, Churchman resides at 318 Westport Drive, Louisville, KY 40207.

## RELEVANT FACTS

10. The Electrical Workers Local 369 Benefit Fund was established by an Agreement and Declaration of Trust ("Benefit Fund Trust Agreement"), for the purpose of providing employee health and welfare benefits. (Exhibit A, Benefit Fund Trust Agreement, Preamble, p. 2). The Benefit Fund is an employee welfare plan as defined in ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A) and is a multiemployer plan as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

11. The Benefit Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5); 29 U.S.C. § 186(c)(5). The "plan sponsor" of the Benefit Fund, as defined by 29 U.S.C. § 1002(16)(B)(iii); ERISA § 3(16)(B)(iii), is the Benefit Fund Trustees.

12. The Benefit Fund Trustees are vested with the authority to collect employer contributions due to the Benefit Fund, and to make rules and regulations. (Exhibit A, Benefit Fund Trust Agreement, Article VII at Section 7.1(1) and 2(f), pp. 53, 55). Pursuant to this authority, the Benefit Fund Trustees adopted the Delinquency Policy. (Exhibit B, Benefit Fund Delinquency Policy).

13. The Electrical Workers Local 369 Retirement Fund was established by an Agreement and Declaration of Trust ("Retirement Fund Trust Agreement"), for the purpose of providing retirement and related benefits. (Exhibit C, Retirement Fund Trust Agreement, Article II, Sec. 2.2, p. 7). The Retirement Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2) and is a multiemployer plan as defined by ERISA § 3(37) and 4001(a)(3); 29 U.S.C. § 1002(37).

14. The Retirement Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5); 29 U.S.C. § 186(c)(5). The "plan sponsor" of the Retirement Fund, as defined by 29 U.S.C. § 1002(16)(B)(iii); ERISA § 3(16)(B)(iii), is the Retirement Fund Trustees.

15. The Retirement Fund Trustees are vested with the authority to collect employer contributions due to the Retirement Fund, and to make rules and regulations. (Exhibit C, Retirement Fund Trust Agreement, Article III, Section 3.2, pp. 10-11). Pursuant to this authority, the Benefit Fund Trustees adopted the Delinquency Policy. (Exhibit D, Retirement Fund Delinquency Policy).

16. By and through its Owner, Mark A. Churchman, the Limited Liability Company executed a Letter of Assent with the Union on or about November 15, 2015. (Exhibit E).

17. By signing the Letter of Assent, the Limited Liability Company became bound to the terms of the Inside Labor Agreement between the Union and the Louisville Chapter of the National Electrical Contractors Association ("CBA"). (Exhibit F, CBA).

18. As an employer bound by the CBA, the Limited Liability Company became obligated to remit contributions to the Benefit Fund, Retirement Fund, and JATC, with monthly

reports of the hours worked by employees performing covered work. (Exhibit F, CBA, Article VI at pp. 33-36).

19. As an employer bound by the CBA, the Limited Liability Company became obligated to withhold working dues from its employees' wages and to remit the working dues to the Union on a monthly basis. (Exhibit F, CBA, Article III at p. 22).

20. As an employer bound by the CBA, the Limited Liability Company became obligated to deduct and remit vacation withholdings on a monthly basis. (Exhibit F, CBA, Article VI at Sec. 6.03).

21. Following the dissolution of the Limited Liability Company on October 1, 2016, Defendant, Mark A. Churchman, continued the business in substantially unchanged form as a proprietorship and as a result he became bound by the CBA as a successor employer.

22. Despite having a contractual obligation to remit contributions and working dues and vacation withholdings, with reports of hours worked, the Limited Liability Company and Churchman have refused or otherwise neglected to remit contributions, working dues, and vacation withholdings with reports of hours worked for the months of January 2019 through the present day.

23. As a result of the Defendants' conduct, Defendants are liable to Plaintiffs for delinquent contributions, withholdings, liquidated damages, and accruing interest in an amount yet to be determined, pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

## COUNT I

### ERISA § 515, 29 U.S.C. § 1145
### Failure to Remit Contributions, Withholdings and Reports

24. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

25. As employers bound by the CBA, Defendants became obligated to comply with the terms of the CBA, Trust Agreements, and Delinquency Policies. (Exhibit F, CBA, pp. 34-35).

26. Pursuant to the CBA and/or Delinquency Policy, Defendants are obligated to remit contributions due to the Benefit Fund, Retirement Fund, and JATC with reports of hours worked by covered employees by the 15th day of the month following the month in which the work was performed. (Exhibit F, CBA, pp. 34-35; Exhibit B, Benefit Fund Delinquency Policy, p. 1; Exhibit D, Retirement Fund Delinquency Policy, p. 1).

27. Pursuant to the CBA, Defendants are obligated to withhold working dues from their employees' wages on behalf of the Union and remit such working dues to the Union by the 15th day of the month following the month in which the work was performed. (Exhibit F, CBA at p. 22).

28. Despite having a contractual obligation, Defendants have refused or otherwise failed to submit monthly reports of hours worked by covered employees for the months of January 2019 through present day as required by the CBA and/or Delinquency Policy.

29. Despite having a contractual obligation, Defendants have refused or otherwise failed to remit contributions due to the Benefit Fund, Retirement Fund, and JATC for the months of January 2019 through present day as required by the CBA, Trust Agreements, and/or Delinquency Policy.

30. Despite having a contractual obligation, Defendants have refused or otherwise failed to remit working dues to the Union for the months of January 2019 through present day as required by the CBA.

31. Plaintiffs are unable to ascertain the amount(s) Defendants owe to Plaintiffs in delinquent contributions, working dues, liquidated damages, and interest for the months of January 2019 through present day.

32. Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Defendant is liable for delinquent contributions, withholdings, liquidated damages, interest and attorneys' fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT II

### LMRA § 301, 29 U.S.C. § 185
### Breach of Contract and Failure to Remit Contributions, Withholdings and Reports

33. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

34. As employers bound by the CBA, Defendants became obligated to comply with the terms of the CBA, Trust Agreements, and Delinquency Policies. (Exhibit F, CBA, pp. 34-35).

35. Pursuant to the CBA and/or Delinquency Policy, Defendants are obligated to remit contributions due to the Benefit Fund, Retirement Fund, and JATC with reports of hours worked by covered employees by the 15th day of the month following the month in which the work was performed. (Exhibit F, CBA, pp. 34-35; Exhibit B, Benefit Fund Delinquency Policy, p. 1; Exhibit D, Retirement Fund Delinquency Policy, p. 1).

36. Pursuant to the CBA, Defendants are obligated to withhold working dues from its employees' wages on behalf of the Union and remit such working dues to the Union by the 15th

day of the month following the month in which the work was performed. (Exhibit F, CBA at p. 22).

37. Despite having a contractual obligation, Defendants have refused or otherwise failed to submit monthly reports of hours worked by covered employees for the months of January 2019 through present day as required by the CBA and/or Delinquency Policy.

38. Despite having a contractual obligation, Defendants have refused or otherwise failed to remit contributions due to the Benefit Fund, Retirement Fund, and JATC for the months of January 2019 through present day as required by the CBA, Trust Agreements, and/or Delinquency Policy.

39. Despite having a contractual obligation, Defendants have refused or otherwise failed to remit working dues and vacation withholdings to the Union for the months of January 2019 through present day as required by the CBA.

40. Plaintiffs are unable to ascertain the amount(s) Defendants owe to Plaintiffs in delinquent contributions, withholdings, liquidated damages, and interest for the months of January 2019 through present day.

41. Defendants' conduct is in breach of the CBA, Trust Agreements, and Delinquency Policies, and therefore Plaintiff is entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## **COUNT III**

### **ERISA § 515, 29 U.S.C. § 1145**
### **Failure to Pay Liquidated Damages and Interest**

42. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

43. As employers bound by the CBA, Defendants became obligated to comply with the terms of the Funds' Delinquency Policies. (Exhibit F, CBA). Pursuant to the Delinquency

Policies, contributions due to the Benefit Fund and Retirement Fund which are not received by the due date will incur interest at the rate of 8% per annum from the due date, plus liquidated damages equal to 5% or 10% of the delinquent contribution. (Exhibit B, Benefit Fund Delinquency Policy, at p. 3; Exhibit D, Retirement Fund Delinquency Policy, at p. 3).

44. Defendants have failed or otherwise neglected to remit contributions for the months of January 2019 through present day and therefore the contributions are delinquent. As such, the Benefit Fund and Retirement Fund are entitled to liquidated damages and interest in accordance with their Delinquency Policies for the months of January 2019 through present day.

45. Defendants' actions violate ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiffs are entitled to liquidated damages and interest pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT IV

### LMRA § 301, 29 U.S.C. § 185
### Breach of Contract and Failure to Pay Liquidated Damages and Interest

46. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

47. As employers bound by the CBA, Defendants became obligated to comply with the terms of the Funds' Delinquency Policies. (Exhibit F, CBA). Pursuant to the Delinquency Policies, contributions due to the Benefit Fund and Retirement Fund which are not received by the due date will incur interest at the rate of 8% per annum from the due date, plus liquidated damages equal to 5% or 10% of the delinquent contribution. (Exhibit B, Benefit Fund Delinquency Policy, at p. 3; Exhibit D, Retirement Fund Delinquency Policy, at p. 3).

48. Defendants have failed or otherwise neglected to remit contributions for the months of January 2019 through present day and therefore the contributions are delinquent. As such, the

Benefit Fund and Retirement Fund are entitled to liquidated damages and interest in accordance with their Delinquency Policies for the months of January 2019 through present day.

49. Defendants' actions are in breach of the CBA and Delinquency Policy, and therefore Plaintiffs are entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V

### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)
### Order Compelling Payroll Audit

50. Plaintiffs repeat and reallege the allegations set forth above as if fully rewritten herein.

51. As employers bound by the CBA, Defendants are obligated to comply with the terms of the CBA and Delinquency Policies. (Exhibit F, CBA).

52. Pursuant to the Trust Agreements and Delinquency Policies, the Trustees of the Benefit Fund and Retirement Fund have the authority to compel employers to submit to payroll audits. (Exhibit A, Benefit Fund Trust Agreement, Sec. 8.1 at p. 69; Exhibit B, Benefit Fund Delinquency Policy, at p. 4; Exhibit C, Retirement Fund Trust Agreement, Sec. 8.1 at p. 31; Exhibit D, Retirement Fund Delinquency Policy, at p. 4).

53. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Thus, Plaintiffs have no way of ascertaining the amount(s) owed in delinquent contributions, withholdings, liquidated damages, and interest.

54. Plaintiffs are entitled to an order compelling Defendants to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

55. Additionally, Plaintiffs are entitled to judgment for the costs of the audit, in accordance with the Funds' Delinquency Policies. (Ex. B at p. 5; Ex. D at p. 5).

11

**WHEREFORE,** Plaintiffs demand the following relief:

A. Judgment in favor of Plaintiffs and against Defendants for unpaid and delinquent contributions owed by Defendants for the period of January 2019 through present day, in an amount to be determined;

B. Judgment in favor of Plaintiffs and against Defendants for accumulated interest and liquidated damages on the delinquent contributions from their respective due dates for the months of January 2019 through present day, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C. Judgment in favor of Plaintiffs and against Defendants for unpaid working dues and vacation withholdings owed by Defendants for the period of January 2019 through present day, in an amount to be determined;

D. An Order compelling Defendants to submit all delinquent reports of hours worked for the period of January 2019 through present day, and Judgment in favor of Plaintiffs and against Defendants for the amounts shown due and owing in such reports;

E. Alternatively, if Defendants refuse to provide said reports, Plaintiffs request an Order compelling Defendants to submit to a payroll audit of their books and records to determine the amounts owed to Plaintiffs for delinquent contributions, withholdings, liquidated damages, interest, and audit costs in an amount to be determined;

F. That this Court retain jurisdiction over this cause pending compliance with all Orders;

G. An award of the costs and auditor fees incurred in the conduct of the audit, as provided in the Plaintiffs' Delinquency Policies;

H. An award of reasonable attorneys' fees incurred in connection with this action as provided for by the Trust Agreements and ERISA § 502(g); 29 U.S.C. § 1132(g); and

I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132 (g), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated: September 13, 2019

                                        Respectfully submitted,

                                        /s/ Rex Dunn
                                        Rex Dunn (#19610)
                                        LEDBETTER PARISI LLC
                                        105 Daventry Lane, Suite 200
                                        Louisville, KY 40223
                                        (502) 384-5156
                                        (502) 276-9215 (fax)
                                        *Counsel for Plaintiffs*