UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO 3:19-CV-652-DJH-CHL

**ELECTRICAL WORKERS LOCAL 369
BENEFIT FUND, et. al.,**                                                                          **Plaintiffs,**

**v.**

**CHURCHMAN ELECTRIC &
TECHNOLOGIES, LLC, et. al.**                                                                    **Defendants.**

## REPORT & RECOMMENDATION

The Clerk entered defaults in this case against Defendants Churchman Electric & Technologies LLC (DN 8) and Mark A. Churchman (DN 10) (collectively, "Defendants"). Plaintiffs then moved for default judgment as to the Defendants (DN 11) and the matter was referred to the undersigned for report and recommendation as to the amount of damages to which Plaintiffs are entitled. (DN 12.)

A motion for an order to show cause was filed by the plaintiffs Electrical Workers Local 369 Benefit Fund, Electrical Workers Local 369 Retirement Fund, Louisville Electrical Joint Apprenticeship & Training Committee and International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 369 ("Plaintiffs") in DN 15. Plaintiffs moved for an Order to Show Cause due to the Defendants' failure to submit reports of hours worked or books and records from January 1, 2019 to September 13, 2019 pursuant to the Court's Order in DN 13. On April 30, 2020 the undersigned ordered Defendants to show cause in writing on or before May 15, 2020 for why Defendants should not be held in contempt for their failure to comply with this Court's order in DN 13. (DN 16.)

This matter is now before the undersigned regarding the Defendants' failure to show cause why they should not be held in contempt of court. For the following reasons, the undersigned RECOMMENDS that Mark A. Churchman, as an individual defendant and the registered agent of Churchman Electric & Technologies LLC[1] be directed to appear before the presiding District Judge on a date certain to show cause for his and the Defendants' failure to comply with the February 21, 2020 and April 30, 2020 orders of the undersigned. If Mark A. Churchman fails to appear or appears and fails to show good cause, the undersigned RECOMMENDS that Mark A. Churchman be held in civil contempt.

"The power to punish for contempt is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice." *Ex parte Robinson*, 86 U.S. 505, 510 (1874); 18 U.S.C. § 401. "The objective of any contempt determination is to enforce the message that court orders and judgments are to be taken seriously." *Elec. Workers Pension Tr. Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 385 (6th Cir. 2003). Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

Failure to satisfy this order to show cause could result in the imposition of a fine to compensate those injured by the contemptuous act, an award of damages, and/or an award of attorney's fees.

---

[1] Churchman Electric & Technologies, LLC was administratively dissolved on October 1, 2016.

*See Directors of Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. v. S & S Plastering LLC*, 2019 WL 3812064, at *3 (S.D. Ohio, Aug. 14, 2019).

Although no formal motion for civil contempt has been filed by Plaintiffs, the undersigned previously granted a substantively analogous motion seeking a show cause order directing Defendants to show cause as to why they should not be held in contempt for failure to obey DN 13. However, neither Mr. Churchman, as an individual Defendant or as the registered agent for Churchman Electric & Technologies LLC, nor any other person on behalf of the corporate Defendant has filed any timely response to the show cause order.

Section 636(e) of the United States Magistrate Judges Act governs the authority of the undersigned in contempt proceedings. In civil cases like the one presented here, where parties have not consented to a magistrate judge under 28 U.S.C. §636(c), the imposition of civil contempt requires certification of facts by the undersigned to the presiding District Judge. Pursuant to 28 U.S.C. §636(e)(6)(B)(iii) the undersigned "shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

Given Mark Churchman's lack of any timely response to the April 30, 2020 show cause order, the undersigned certifies the following facts to the presiding district judge and

recommends requiring Mark Churchman to appear upon a date certain to show cause why he and Churchman Electric & Technologies LLC should not be adjudged in contempt.

## I. BACKGROUND AND CERTIFIED FACTS

Plaintiffs filed suit in September 2019 against the Defendants alleging multiple violations of the Labor Management Relations Act of 1947, 29 U.S.C. §185(a) (the "LMRA"). The Complaint alleges that Mark A. Churchman executed a Letter of Assent with the Plaintiff International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 369 ("Union") on or about November 15, 2015. (DN 1, ¶15.) The Complaint alleges that Defendants are employers obligated to make contributions to the Funds, but that they have failed to do so. (DN 1, ¶22.) By signing the Letter of Assent, the Defendants became bound to the terms of the Inside Labor Agreement between the Union and the Louisville Chapter of the Nation Electrical Contractors Association ("CBA"). (DN 1-7.)

The Summons and Complaint were returned as executed on Mark Churchman on October 29, 2019 and Defendant Churchman Electric & Technologies, LLC on October 2, 2019. (DN 4, 5.) After Defendants failed to appear, Plaintiffs moved for an entry of default and the Clerk entered an entry of default as to Defendant Churchman Electric & Technologies, LLC on November 1, 2019 and an entry of default as to Mark Churchman on November 18, 2019.

Plaintiffs filed their motion for default judgment on November 22, 2019. (DN 11.) The issue of damages was referred to the undersigned for a report and recommendation in DN 12. Plaintiffs argued the amount of damages could not be determined without an accounting under Rule 55(b), and Plaintiffs sought an audit of Defendant's books and records accordingly. (DN 11.) In DN 13, the undersigned ordered Defendants to submit to Plaintiff's true and correct

reports of hours worked, or alternatively Defendants' books and records for the period of January 1, 2019 to September 13, 2019. The documents were supposed to be turned over on or before March 19, 2020, but Defendants did not respond.

Plaintiffs filed a status report on March 24, 2020 indicating that Defendant had failed to respond to letters requesting that Defendants submit their reports of hours worked or their books and records. (DN 14.)

Plaintiffs subsequently moved for an order to show cause in DN 15. Plaintiffs argue that without the audit they are unable to finalize the precise amount of damages. (DN 15, at PageID # 292.) Most recently, the undersigned ordered Defendants to show in writing on or before May 15, 2020 why Defendants should not be held in contempt for their failure to comply with this Court's order requiring Defendants to timely submit reports of hours or books and records. The show cause order was sent to March Churchman on April 30, 2020. The Defendants did not respond and Plaintiffs contend that as a result they are unable to calculate the amount of damages owed to them.

A finding of civil contempt is appropriate when a party disobeys a lawful court order. *Glover v. Johnson,* 138 F.3d 228, 245 (6th Cir. 1998). Before a court will hold a litigant in contempt, a moving party must show by clear and convincing evidence that the party to be held in contempt violated a court order. *US v. Conces,* 507 F.3d 1028, 1042 (6th Cir. 2007). Defendants' failure to respond to the show cause order constitutes disobedience of a lawful court order and thus represents contempt before the undersigned. *See United States v. Ivie*, 2005 WL 1759727 at *2 (W.D. Tenn. June 14, 2005.)

Defendants' failure to comply with the show cause order provides a sufficiently "clear and convincing" basis for holding Defendants in civil contempt of this Court in addition to Defendants' failure to comply with DN 13. If Defendants submit their reports or books and records pursuant to DN 13, then the Defendants can present that information as mitigating evidence against the finding of civil contempt and/or in favor of the imposition of more modest penalties, fines, and/or attorney's fees.

## II. ORDER

Pursuant to 28 U.S.C. §636(e)(6)(B)(iii), the undersigned HEREBY RECOMMENDS as follows:

(1) That the District Judge issue an order requiring Defendants, through Mark Churchman, to appear on a date certain, as soon as practicable, to show cause why Defendants should not be adjudged in contempt by reason of the facts certified above;

(2) That the District Judge order Defendants to pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in connection with Plaintiffs' efforts to reduce the existing default to an amount certain;

(3) That the District Judge further order Defendants to pay $100.00 per day, if Defendants are held in contempt, until such time as Defendants provide Plaintiffs with the records essential to determine the amounts owed under the CBA.

June 4, 2020

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

Mark A. Churchman
318 Westport Drive
Louisville, KY 40207

Churchman Electric & Technologies, LLC
 c/o Mark A. Churchman, Registered Agent
1406 Walter Ave.
Louisville, KY 40215

6